IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-939-GPM |
| | ) |
| SUSAN JENSEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Jason Barnes brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, asserting claims of false arrest, false imprisonment, and malicious prosecution.[1] He seeks leave to proceed *in forma pauperis*, and the Court finds that he is indigent. Thus, the motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.[2]

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims

---

[1] Barnes originally filed three separate actions arising from these events. One case, *Barnes v. Jones*, No. 10-cv-028-GPM (S.D. Ill., filed Jan. 13, 2010), already has been dismissed. The remaining two cases were consolidated into this action, the first of the three to be filed.

[2] Barnes is not currently incarcerated, and thus the Court cannot direct his custodian to assess and collect the filing fee pursuant to 28 U.S.C. § 1915.

> or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### FACTS ALLEGED

On the evening of September 25, 2009, Barnes was at home in Granite City.  The police knocked on his door, and he let them in.  Once Barnes confirmed his identity, the officers told him that he was wanted for questioning in Madison County.  Barnes was handcuffed and taken to the city jail.  At the jail, Defendant Detective Mike Fisher asked Barnes if he knew Samuel Jones.  Barnes said yes.  Fisher then said that Jones had accused Barnes of robbing him of approximately $800.  Barnes denied the accusation.  He explained that he and Jones had worked together for five months, that they were friends who played ball together and had cookouts together, and that he occasionally borrowed money from Jones.  Fisher told him that Jones had a clean record, whereas Barnes did not; at that time, Fisher deemed Jones's story to be more credible.  Barnes was detained in the Granite City jail for a couple of days and then transferred to the Madison County Jail.  No further details are contained in either of his complaints or supplements, but on March 1, 2010, Barnes sent a letter to the Clerk of Court, explaining that he went to court that day and that "they credited me for 160 days

served, no fine, no probation, and released me off the charge" (Doc. 16). Also according to the letter, the state court judge told Barnes that he could withdraw his plea within 30 days, which Barnes intended to do as soon as he could hire an attorney who "will fight for [him]" (*id*.).

As a result of these events, Barnes lost both of his jobs, his apartment, and all his possessions. He seeks compensatory damages of $750,000, as well as $750,000 in punitive damages, from each defendant.

### DEFENDANTS NAMED

The original complaint in this action (Doc. 1) lists two defendants: Assistant State's Attorney Susan Jensen and Madison County Sheriff Robert Hertz. Barnes later filed several supplements to the complaint, adding one new defendant with each supplement: State's Attorney William Mudge (Doc. 11), Chief Rich Miller (Doc. 12), Lieutenant Craig Knight (Doc. 13), and Major Jeff Connor (Doc. 14). A separate action now consolidated into this one adds yet another defendant, Detective Mike Fisher (Doc. 18). Each complaint and supplement is virtually identical in the statement of claim, as summarized above.

The complaint (Doc. 1) contains no allegations against either Jensen or Hertz. In his four supplements, Barnes makes only these additional allegations: "Mr. William Mudge knew about what's going on with this case." (Doc. 11); "Chief Rich Miller knew about this incident and knew that they wrongfully arrested me and his detective didn't do no investigation." "Chief Rich Miller knew everything about this crime that never even happened." (Doc. 12); "I strongly feel at the time Lieutenant Craig Knight knew about this incident and knew that they wrongfully arrested me and his detective didn't do no investigation." "Lieutenant Craig Knight knew everything about this crime that never even happened." (Doc. 13); "I strongly feel at the time assistant chief Jeff Connor

knew about this incident and knew that they wrongfully arrested me and his detective didn't do no investigation." "Major Jeff Connor assistant chief knew everything about this crime that never even happened." (Doc. 14).

### FALSE ARREST

Barnes first asserts that his arrest by Madison County officials constitutes false arrest, in violation of his constitutional rights. The crux of a false arrest claim is that an individual was arrested *without justification*. Thus, probable cause for the arrest is an absolute bar to a claim of false arrest asserted under the Fourth Amendment and section 1983. *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009).

> Probable cause exists if, at the time of the arrest, the facts and circumstances within the defendant's knowledge "are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed ... an offense." *E.g., Chelios v. Heavener,* 520 F.3d 678, 686 (7th Cir. 2008) (reversing summary judgment for arresting officer). A court evaluates probable cause not with the benefit of hindsight, and not on the facts as perceived by an omniscient observer, but on the facts as they appeared to a reasonable person in the defendant's position, even if that reasonable belief turned out to be incorrect. *Id.; Kelley v. Myler,* 149 F.3d 641, 646 (7th Cir. 1998) (affirming summary judgment for arresting officer).

*Stokes v. Board of Educ. of the City of Chicago*, 599 F.3d 617, 622 (7th Cir. 2010).

> The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate. *Woods v. City of Chicago,* 234 F.3d 979, 987 (7th Cir. 2001); *Neiman,* 232 F.3d at 581; *Guzell v. Hiller,* 223 F.3d 518, 519-20 (7th Cir. 2000); *Jenkins v. Keating,* 147 F.3d 577, 585 (7th Cir. 1998); *Tangwall v. Stuckey,* 135 F.3d 510, 516-17 (7th Cir. 1998); *Hebron,* 18 F.3d at 422-23; *Gerald M. v. Conneely,* 858 F.2d 378, 381 (7th Cir. 1988); *Gramenos v. Jewel Cos., Inc.,* 797 F.2d 432, 439-40 (7th Cir. 1986). And in crediting the complaint of a reasonably believable witness or putative victim, the police are under no constitutional obligation to exclude all suggestions that the witness or victim is not telling the truth. *Spiegel v. Cortese,* 196 F.3d 717, 724-25 (7th Cir. 2000); *Gramenos,* 797 F.2d at 442.

*Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 743 (7th Cir. 2003).

According to Barnes's pleadings, the police received a complaint from Samuel Jones that Barnes had robbed him of $800. Even without corroborating evidence, and despite Barnes's protestations of innocence, the complaint filed by Jones gave police sufficient probable cause to arrest Barnes. Thus, Barnes has failed to state a claim for false arrest against any of the defendants, and this claim is dismissed with prejudice.

### FALSE IMPRISONMENT

Barnes next asserts that his detention in the Madison County Jail constitutes false imprisonment, in violation of his constitutional rights. The Supreme Court has held that if probable cause exists at the time of arrest, the police cannot be held liable for ensuing custody, even if mistaken. *Baker v. McCollan*, 443 U.S. 137 (1979).

> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers – all of whom may be potential defendants in a § 1983 action – is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

*Baker*, 443 US at 145-46; *see also Hernandez v. Sheahan*, 455 F.3d 772, 775-76 (7th Cir. 2006); *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 899-900 (7th Cir. 2001); *Arthur v. Lutheran General Hosp., Inc.*, 295 Ill.App.3d 818, 825-26 (Ill.App. 1 Dist.,1998) (imprisonment under legal authority is not false imprisonment).

As discussed above, it is clear from Barnes's pleadings that the police had probable cause to arrest him. Thus, Defendants cannot be held liable for his resulting detention, despite Barnes's protestations of innocence. Barnes, therefore, has failed to state a claim for false imprisonment, and this claim is dismissed with prejudice from this action.

### MALICIOUS PROSECUTION

As with his other claims, Barnes does not specifically associate any particular defendants with his claim of malicious prosecution. The Court assumes that this claim is lodged against William Mudge and Susan Jensen, both of the Madison County State's Attorney's Office.

> In order to establish a claim of malicious prosecution under Illinois law, the plaintiff must show "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Swick v. Liautaud,* 169 Ill.2d 504, 215 Ill.Dec. 98, 662 N.E.2d 1238, 1242 (1996) (quoting *Joiner v. Benton Cmty. Bank,* 82 Ill.2d 40, 44 Ill.Dec. 260, 411 N.E.2d 229, 232 (1980)). "The absence of any one of these elements bars a plaintiff from pursuing the claim." *Id.* It follows that the existence of probable cause is a "complete defense" to a malicious prosecution suit. *Cervantes v. Jones,* 188 F.3d 805, 810-11 (7th Cir. 1999). Probable cause exists if the "facts and circumstances ... would excite the belief, in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." *Id.* at 811 (quotation omitted); *see also Fabiano v. City of Palos Hills,* 336 Ill.App.3d 635, 271 Ill.Dec. 40, 784 N.E.2d 258, 266 (2002) ("Probable cause is a state of facts that would lead a person of ordinary care and prudence to believe or to entertain an honest and sound suspicion that the accused committed the offense charged.").

*Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009).

The gravamen of a malicious prosecution claim is malice. The complaint is devoid of any allegation that any of the defendants acted with malice. Specifically as to Mudge and Jensen, Barnes alleges only that Mudge "knew about what's going on with this case;" there are no allegations made against Jensen. Further, Barnes makes no allegation that any sort of criminal prosecution was

actually commenced against him. Thus, he has failed to state a claim upon which relief may be granted with respect to a state law malicious prosecution claim.

To the extent Barnes is asserting a federal constitutional claim of malicious prosecution, that claim also fails: the due process clause does not support a constitutional tort of malicious prosecution if state law provides a parallel remedy. *Id.* at 663, *citing Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001); *see generally Albright v. Oliver*, 510 U.S. 266 (1994) (existence of tort claim under state law knocks out any constitutional theory of malicious prosecution); *Parratt v. Taylor,* 451 U.S. 527, 535-44 (1981) (opportunity to sue in state courts usually supplies all process that is due to redress unauthorized activities of state employees).

Barnes has failed to state a federal constitutional claim with regard to malicious prosecution, and this claim also is dismissed with prejudice.[3]

### DISPOSITION

In summary, Barnes's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Barnes is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 08/17/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[3] It appears from Barnes's letter (Doc. 16) that he actually pleaded guilty in state court and that his plea has not been withdrawn. If so, then there is no basis for the claims he brings in this action. The Court offers this only as an alternative basis for dismissal of the claims because there is nothing in the record – other than Barnes's letter – to establish a state court conviction.